## In re HENDERSON et al.
Patent Appeal No. 2806.

Court of Customs and Patent Appeals.
Jan. 25, 1932.

Dyrenforth, Lee, Chritton & Wiles, of Chicago, Ill. (John H. Lee and B. A. Schroeder, both of Chicago, Ill., of counsel), for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

The alleged invention involved in this appeal relates to an improved animal sausage casing and the method of producing the same. The method is described in detail in the application and relates to treating the soaked and washed animal casing with a hygroscopic ingredient such as glycerin by a certain method and the method of expressing the excess glycerin therefrom and drying same.

The Board of Appeals of the United States Patent Office affirmed the action of the Examiner in refusing to allow claims 7 to 14, inclusive, being all of the claims.

Claims 7 and 11 are representative and are as follows:

"7. The method of treating an animal intestine sausage-casing, which comprises: In-

corporating in the casing before drying a small percentage of a hygroscopic agent, and inflating and drying the casing."

"11. An animal intestine sausage-casing having incorporated therein, prior to removal of its natural water content, a hygroscopic agent to render said casing suitable for filling from a stuffer-horn without preliminary softening treatment."

The references relied upon by the Examiner were Cohoe et al., 1,070,766, August 19, 1913, and Brecht, 1,538,460, May 19, 1925. The Board relied upon, as references, Cohoe et al., supra, and Henderson et al., 1,612,508, December 28, 1926.

Cohoe et al. relates to sausage and casing therefor, and mentions that "it has been generally customary to make the skin coverings or casings of sausages from the intestines of sheep, hogs, and oxen." It then describes a casing made from cellulose hydrate, and states: "In order to soften the tube, we may impregnate it with glycerin, fats, glucose, fatty acids, and the like."

The patent to Henderson et al., is a patent granted on the parent application of which the application of appeal is a division. It is apparent that the drawing of the patent is the same as the drawing of the application. Being appellants' own patent, it, evidently, was not relied on as a reference for what it disclosed, but to show, by its claims, what subject-matter has already been patented by appellants. In the Henderson et al. patent there are both specific and generic claims; that is, there are claims which cover only the method of treating "cellulose casings" and other claims covering the method of treating "sausage casings." For instance, claims 1 and 19 of the patent read as follows:

"1. The method of treating *casings for sausage*, etc., which comprises: Inflating the casing by pneumatic pressure within a limiting tube, and subjecting the casing to a drying operation while thus inflated."

"19. The method of treating a *sausage casing* which comprises: Incorporating in the casing a small percentage of hydroscopic agent, and inflating and drying the casing. [Italics ours.]"

The Board of Appeals rejected claims 7 to 10, inclusive, of the application at bar, for the reason that they did not involve subject-matter patentable over that claimed in appellants' prior patent. It held that there was no patentable distinction between treating animal casings in the same manner that cellulose casings were treated.

Claims 11 to 14, inclusive, were rejected on the ground that they did not involve subject-matter patentable over the subject-matter in Cohoe et al.

With reference to the Board's view of the prior art as affecting the application at bar, it, in its opinion, said:

" * * * Claim 19, the last claim of the patent, [referring to the Henderson et al. patent] for instance, is generic to both animal and cellulose casings and it is apparent that, if claim 19 and other claims cover subject-matter patentable over Cohoe et al., claims 7 to 10, inclusive, on appeal must also involve subject-matter patentable thereover; Cohoe et al. was cited in the parent case and inasmuch as the specific claims of the earlier case were restricted to cellulose casings and Cohoe discloses the treatment of cellulose casings, Cohoe et al. would be, if anything, more pertinent to the claims of the patent then to those of this application. Claims 7 to 10, inclusive, are all specific either to the inflating and drying or to the specific manipulation of the tube in the manner called for, and the references cited by the examiner do not disclose these operations. We do not consider that claims 7 to 10, inclusive, should be rejected upon Cohoe et al. We do not believe, however, that there is any patentable distinction in treating animal casings in the same manner that cellulose casings are treated in the parent case. As previously stated, appellants' patent contains generic claims and in our opinion the allowance of claims 7 to 10, inclusive, would merely extend the monopoly in part as to the subject-matter of the generic claims of the patent along lines which in our opinion are devoid of invention. The cellulose casings were in moist condition when the glycerin was applied and the casings expanded and dried. The application of the glycerin to the animal casing while in moist condition, or while it contains its natural water content, we do not consider involves a patentable distinction.

"The remaining claims on appeal do not include limitations similar to the claims allowed in appellants' patent but distinguish over Cohoe et al. along substantially the same lines that claims 7 to 10, inclusive, distinguish over the claims of appellants' patent. For the same reasons that we do not find the subject-matter of claims 7 to 10, inclusive, patentable over appellants' patent, we do not consider claims 11 to 14, inclusive, involve subject-matter patentable over Cohoe et al."

In this court the Solicitor for the Patent

Office, while calling attention to the fact that Cohoe et al. taught the use of glycerin in the preparation of cellulose casings and Henderson et al. taught the method of their present application as applied to cellulose casings and animal casings, and claimed broadly for both kinds of casings, conceded that, if invention could rest in discovering that the method of treating cellulose casings described in the parent Henderson et al. application could be applied to animal casings, the claims in controversy should be allowed.

We think that, in view of the teachings of Cohoe et al. of the use of glycerin, etc., in the preparation of cellulose sausage casings and in view of what the appellants have already received patent for, claims 7 to 10, inclusive, are not patentable in the appellants' divisional application, and agree with the decision of the Board of Appeals in affirming the Examiner's rejection of the same.

It will be noticed from the above quotation from the Board's decision that there is a strong intimation that, in view of Cohoe et al.'s disclosure of the use of glycerin in the preparation of cellulose casings, there could have been nothing which was regarded as patentable by the Patent Office in claim 19 of the Henderson et al. patent, unless it was regarded as including the incorporating of the hygroscopic agent in animal sauage casings. The Board in its opinion states definitely that it is of the opinion that there is no "patentable distinction in treating animal casings in the same manner that cellulose casings are treated." We do not agree with this conclusion of the Board.

■ While the glycerin treatment in the prior art, in the Henderson et al. patent, and in the present application, is claimed to be for its hygroscopic purpose and is not expressly claimed to be used as a preservative, it is not improbable that preservation is one of the results which flow from impregnating animal tissue with glycerin. The applicants here state, "in accordance with the usual practice in the art, hanks of casings, tied together, are preserved in salt, or salt water; and when these casings are to be used, it is necessary to untie the hanks, soak out the salt, and run water through the casings to straighten them out and distend them sufficiently to permit them to be used." It seems obvious that in the prior art salt water was used to keep the casings moist and also to preserve them from decomposition. In the applicants' use of glycerin, they use it as a hygroscopic agency, that is, to keep the casing moist, and it seems also that the glycerin serves to preserve

the animal tissue, and in this way takes the place of salt. Now as to whether it is obvious to those skilled in the art that, if glycerin keeps cellulose casings moist and pliable, it will also keep pliable animal casings and at the same time prevent them from decomposition, there is, to say the least, considerable doubt, which doubt should have been resolved in favor of the applicants.

We agree with the conclusion of the Board that, if the Henderson et al. patent is to be regarded as an invention over the prior art, it is because certain of its claims cover the same subject-matter claimed in the instant application by claims 7 to 10, inclusive, and that the allowance of such claims would be extending, in part, a monopoly which appellants already enjoy.

■ Claims 11 to 14, inclusive, claim the article, an animal intestine sausage casing, which has been treated in a certain manner. The claims in the Henderson et al. patent were directed to the method, the process, and the apparatus. The apparatus claims are directed to the means of inflating and drying. It is not contended that the applicants received any patent in Henderson et al., No. 1,612,508, for their article which is here under consideration.

We conclude that appellants were entitled to the allowance of their article claims, 11 to 14, inclusive.

The decision of the Board of Appeals is modified; affirmed as to claims 7 to 10 inclusive, and reversed as to claims 11 to 14 inclusive.